Drinkwater, Plaintiff in error, v. State, Defendant in error.

*No. 75–181–CR. Submitted on briefs September 14, 1976.— Decided October 5, 1976.*
(Also reported in 245 N. W. 2d 664.)

676

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Robert J. Paul,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

HANLEY, J.   Two issues are presented for review:

1. Was defendant denied equal protection of the law and thus penalized for exercising his Sixth Amendment right to a jury trial in that his codefendant received a lesser sentence?

2. Is the defendant's sentence excessive and an abuse of discretion?

*Disparity between sentences.*

Defendant contends that the trial judge punished him for exercising his right to a jury trial by sentencing him to two consecutive twenty-five year terms while his co-defendant received a twenty-five year term, a second twenty-five year term which was stayed, and fifteen years of consecutive probation.

█ Defendant's claim is based upon the rule of law that a defendant may not receive a harsher sentence solely because he availed himself of the constitutional right to a jury trial. *United States v. Stockwell* (9th

Cir. 1973), 472 Fed. 2d 1186, certiorari denied, 411 U. S. 948, 93 Sup. Ct. 1924, 36 L. Ed. 2d 409; *United States v. Wiley* (7th Cir. 1960), 278 Fed. 2d 500. This court recognizes this rule. *Buckner v. State* (1972), 56 Wis. 2d 539, 550, 202 N. W. 2d 406.

■ ■ It is also well settled, however, that a mere disparity between a sentence imposed on a defendant who pleads guilty and on another who is convicted after trial is not enough to establish that the latter has been punished for exercising a constitutional right. *United States v. Wilson* (7th Cir. 1974), 506 Fed. 2d 1252, 1259, 1260. This court has held on numerous occasions that the mere fact an accused who pleaded not guilty received a substantially greater sentence than an accomplice who pleaded guilty does not constitute a violation of due process or equal protection of the laws guaranteed by the constitution. *Ocanas v. State* (1975), 70 Wis. 2d 179, 186, 187, 233 N. W. 2d 457; *Jung v. State* (1966), 32 Wis. 2d 541, 145 N. W. 2d 684. It likewise, therefore, may not establish that a defendant was punished for exercising his Sixth Amendment right to jury trial.

■ While equal protection of the laws requires substantially the same sentence for substantially the same case histories, it does not preclude different sentences for persons convicted of the same crime based upon their individual culpability and need for rehabilitation. *Jung v. State, supra,* at p. 548.

In *Ocanas v. State, supra,* this court stated at page 187:

"[I]t has been made clear that a finding that there has been a denial of equal protection must rest upon a conclusion that the disparity was arbitrary or based upon considerations not pertinent to proper sentencing discretion. In short, insofar as the length of sentence (within the statutory maximum) is left to the sound discretion of the trial judge, there can be no denial of equal

protection of the law unless that discretion has been abused."

A review of the record here does not reveal that the trial court based its determination upon factors not proper or irrelevant to sentencing. The record shows that the disparity between the sentences in this case was the result of the trial judge's consideration of factors pertinent to sentencing procedure.

The trial judge found a difference in attitude and demeanor between the two defendants. He stated the plaintiff in error was "vehement and angry and violent to the moment he walked from the courtroom," while his codefendant Young was cooperative and willing to testify. Young personally told the court that he was sorry the incident had occurred.

The trial judge at the hearing for the motion for modification of the sentences also made clear his impression that while Young had fired the shot that wounded Nienow, the defendant was the more culpable of the codefendants. The trial judge noted that the defendant directed the firing of the near fatal shot by twice insisting that Young shoot Nienow. He noted that it was only after this insistence that Young did fire the gun. The judge also placed significance upon the fact that defendant attempted to shoot Nienow a second time when he was wounded and on bended knees.

The record established that the trial judge considered the difference between the past criminal records of the codefendants. It is apparent that defendant's record is considerably longer than his codefendant's. Defendant Drinkwater, as an adult, had been convicted of twelve other crimes, including burglary in 1970 and rape in 1973, and the trial judge referred to him as "one of the most violent, hardened criminals who has ever appeared before me." Young's record showed one prior offense, armed robbery.

The trial judge also expressed a belief that it would take longer to rehabilitate the defendant.

■ Each of the above factors may be properly considered in sentencing. *State v. Tew* (1972), 54 Wis. 2d 361, 367, 368, 195 N. W. 2d 615.

The defendant contends that it was improper for the trial judge to take into consideration the fact that Young had pleaded guilty and was willing to testify in granting Young a lesser sentence. Defendant has quoted from this court's opinion in *Jung v. State, supra,* at pp. 550, 551, stating that a plea of guilty should not be a factor in giving a lenient sentence. He argues that if the judge did consider Young's guilty plea, then he, Drinkwater, was punished for exercising his right to a jury trial.

The state, on the other hand, has pointed out that this court has recognized plea bargaining as a legitimate technique in expediting criminal prosecutions in *Armstrong v. State* (1972), 55 Wis. 2d 282, 198 N. W. 2d 357, as has the United States Supreme Court in *Santobello v. New York* (1971), 404 U. S. 257, 92 Sup. Ct. 495, 30 L. Ed. 2d 427.

■ It does not necessarily follow, however, that where a judge makes reference to a guilty plea as a consideration in granting a lesser sentence, he is actually punishing a defendant who stands trial. *United States v. Lehman* (7th Cir. 1972), 468 Fed. 2d 93, certiorari denied, 409 U. S. 967, 93 Sup. Ct. 273, 34 L. Ed. 2d 232.

There is another line of reasoning which also supports the proposition that consideration by a sentencing judge. of a plea of guilty as a factor in imposing a lenient sentence does not necessarily result in punishment of a defendant who elects to stand trial. The basis of this line of reasoning is that recognition of guilt is the first step toward rehabilitation. It has been held that if the statements of the sentencing judge, which relate the im-

position of a lenient sentence to a guilty plea, merely reflect the judge's consideration of the extent of the defendant's rehabilitation at the time of the sentence, then no fault can be found of the judge. *United States v. Floyd* (2d Cir. 1974), 496 Fed. 2d 982, certiorari denied *sub nom.* 419 U. S. 1069, 95 Sup. Ct. 654, 42 L. Ed. 2d 664; *Gollaher v. United States* (9th Cir. 1969), 419 Fed. 2d 520, certiorari denied 396 U. S. 960, 90 Sup. Ct. 434, 24 L. Ed. 2d 424.

The language in *Jung v. State, supra,* cited by the defendant for the proposition that pleas of guilty may not be considered in sentencing, recognizes this reasoning. In that case at page 550, this court stated:

"Unless it can be shown in each case that a guilty plea is in fact evidence of repentance and demonstrates a readiness to accept responsibility for the criminal acts, it is difficult to see how a plea of guilty should be a factor in giving a lenient sentence."

██ We are satisfied that the record discloses that the trial judge believed Young's guilty plea and cooperation did evidence repentance. In conjunction with Young's statement that he was sorry, such a conclusion is not unreasonable. The consideration of Young's guilty plea was not improper or irrelevant to sentencing.

The case at bar is easily distinguishable from *United States v. Wiley, supra,* upon which defendant relies. In *Wiley* the trial judge had flatly stated that he would not consider probation for a defendant who pleads not guilty and stands trial. In addition, the record in that case clearly showed that the defendant's accomplices, who received lesser sentences after pleading guilty, were more culpable and had longer previous records. It should be pointed out that the *Wiley* decision, a popular basis for the claim of a denial of equal protection, has been strictly limited to its facts, *United States v. Rook* (7th Cir. 1970),

424 Fed. 2d 403, 406, and will be of no assistance to defendants where the record shows consideration by the trial judge of factors pertinent to sentencing.

■ ■ This court may modify or reverse a sentence only where there has been a clear abuse of discretion. *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. In this case, where the trial judge perceived in the defendant less repentance and cooperativeness, more culpability and more hardened criminality than his codefendant, the judge's discretion was not abused by imposing upon defendant a greater sentence.

*Excessiveness of sentence.*

Defendant's second contention is that his sentence is excessive. He argues that this court should restrict the outside limits of the terms of sentences in accordance with the American Bar Association's *Standards Relating to Sentencing Alternatives and Procedures* (approved Draft 1968). The American Bar Association has recommended a maximum sentence that should be imposed on a multiple offender in an extreme case. However, it has also recommended that any such limit be imposed statutorily by the legislature.

Defendant asserts that this court should first adopt the twenty-five year maximum prison term suggested by sec. 3.1 (c) (i) of the ABA sentencing standards. Secondly, he contends, the court should adopt sec. 3.4 (b) (i) of the sentencing standards, which would place a limit upon consecutive sentencing so that it may not exceed the term authorized for an habitual offender for the most serious crime with which he is charged. The resulting sentence for the defendant would be thirty-five years, which includes the twenty-five year maximum term plus the ten-year term authorized by sec. 939.62, Stats., for an habitual offender.

■■ The legislature has placed a maximum prison term of thirty years upon the crimes of attempted first-degree murder, secs. 940.01, 939.32, Stats., and armed robbery, sec. 943.32. This court may not adopt a different maximum term for those crimes. The function of the court is to determine whether the sentencing judge has abused his discretion. Furthermore, here the trial judge did not impose on either charge a sentence which exceeded the maximum term suggested by sec. 3.1 (c) (i) of the ABA Standards.

Defendant expresses an objection to the imposition of consecutive terms. The rationale for the limitation upon the aggregate maximum of consecutive terms which may be imposed is that the multiple offender does not pose a greater risk to society than the habitual offender. ABA *Standards Relating to Sentencing Alternatives and Procedures,* at p. 177, sec. 3.4, comment c.

The legislature of this state has not seen fit to adopt the recommendation of the ABA. Rather it has provided that the imposition of multiple consecutive sentences is within the discretion of the trial court. Section 973.15 (1), Stats., states in part:

"The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence. . . ."

The question is reduced to simply whether the trial judge abused his discretion in imposing the sentences totalling fifty years. We think that he did not.

■■ The trial judge considered several factors pertinent to sentencing procedure. In determining whether sentences are excessive, the basic objectives to be considered are the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *McCleary v. State, supra,* at pp. 274–275. The trial judge took into account these objectives, stating he con-

sidered this offense to be most aggravated and vicious. The trial judge also stated he considered the defendant to be a severe danger to society and that he believed the rehabilitative process would take a long period of time.

The defendant faced a potential cumulative sentence of eighty years which includes thirty years maximum for each count plus ten additional years on each count under sec. 939.62 (1) (c), Stats., for habitual criminality.

We conclude that the record shows the sentences imposed were based upon pertinent factors with no improper considerations by the trial judge. A mere disparity between the sentences of the defendant and his accomplice fails to establish that he was punished for exercising his right to a jury trial.

*By the Court.*—Judgment and order affirmed.