STATE of Wisconsin, Plaintiff-Respondent,

v.

James Brian GLOTZ, Defendant-Appellant.†

Court of Appeals

No. 83–1792–CR. *Submitted on briefs November 9, 1984.— Decided December 27, 1984.*

(Also reported in 362 N.W.2d 179.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Patricia M. Heim* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

GARTZKE, P.J.   James Brian Glotz appeals from a judgment convicting him of arson, contrary to sec. 943.02 (1) (a), Stats., and an order denying his postconviction motion.  The issues are whether his confession should have been suppressed because he was not told he could be waived into adult court and whether his ten-year sentence is excessive.  We conclude that the confession

was properly admitted and that the trial court did not abuse its discretion in sentencing. We therefore affirm.[1]

The facts are undisputed. Saturday, January 1, 1983, at about 1:10 a.m., defendant was taken into custody for attempted burglary of a grocery store. He received *Miranda* warnings enroute to the police station. When asked if he was guilty, he made no response except to volunteer that it would not make any difference because he was only 17 and "wouldn't get anything for it."

At the police station, after he again received *Miranda* warnings, defendant said that he broke a window of the store but changed his mind and decided not to enter. The police contacted an intake worker, who told them to take defendant to a group home. The intake worker did not interview defendant at the home.

Later that Saturday the police learned that defendant's description matched that of a suspect in the burglary and arson of a school. About noon the police took defendant from the group home to the police station, where he was given *Miranda* warnings and questioned. Defendant denied committing the school burglary and arson. After the police told defendant that witnesses could identify him, he confessed to breaking into the school and starting the fire. A children's court intake worker interviewed defendant and ordered him held in the county jail.

At the suppression hearing defendant testified that he confessed because he thought he could be tried only as a juvenile. The trial court found that defendant confessed because the police said witnesses could identify him and refused to suppress the confession. Defendant then pleaded guilty to arson.

---

[1] We certified this case to the supreme court. The certification was denied.

### Intake Interview

Defendant contends that the juvenile intake worker should have interviewed him during the ten hours or so he was in the group home. He argues that had the intake worker interviewed him, he would have known he could be charged as an adult. He asserts that had he possessed that knowledge, he would not have confessed, and he urges that his confession should be suppressed for that reason. We reject the argument.

Defendant confessed before the intake worker had a duty to tell him that he could be waived into adult court and charged as a defendant. The duty arises under sec. 48.243 (1), Stats., which provides in relevant part:

Before conferring with the parent or child during the intake inquiry, the intake worker shall personally inform a child alleged to have committed a delinquent act, and parents of children 12 years of age or older who are the focus of an inquiry regarding the need for protection or services, that the referral may result in a petition to the court and: . . . (b) The nature and possible consequences of the proceedings, including the provisions of s. 48.17 or 48.18 [providing that a juvenile court may waive jurisdiction over a child and refer the matter for appropriate criminal proceedings], if applicable; . . . .

Section 48.243 (2), Stats., provides, "This section does not apply if the child was present at a hearing under s. 48.21." A sec. 48.21 hearing is held if a child in custody is not released under sec. 48.20, and is conducted to determine whether the child should continue to be held in custody. Sec. 48.21 (1) (a). A sec. 48.21 hearing was held January 3, 1983, two days after defendant confessed.

We are aware that an intake worker must "[p]rovide intake services 24 hours a day, 7 days a week, for the purpose of screening children taken into custody and

not released under s. 48.20(2)." Sec. 48.067(1), Stats. Section 48.20(1) requires that children taken into custody be released as soon as reasonably possible. Section 48.20(7)(a) requires the intake worker to inform a child in custody of the right to counsel and the right against self-incrimination, but nothing in sec. 48.20 requires the worker to notify the child of a possible waiver into adult court on criminal charges.

The duty to warn the child of such consequences first arises in a sec. 48.21, Stats., hearing. Sec. 48.21(2)(c). Before that hearing begins, a judge or juvenile commissioner must tell the child about "the provisions of s. 48.18 if applicable." *Id.* The sec. 48.21 hearing had not been held before defendant confessed.

### Confession Knowing and Voluntary

Defendant argues that his confession should be suppressed because it was not knowingly and voluntarily made. He relies on *Theriault v. State,* 66 Wis. 2d 33, 51, 223 N.W.2d 850, 859 (1974), in which it is said that "there may be situations where the reasonable expectations of a minor that his confession will be used against him only in juvenile proceedings should be protected."

This is not such a situation. The trial court found that defendant confessed because the police said witnesses could identify him. This finding is an inference as to defendant's state of mind. The inference is reasonably drawn from the undisputed fact that defendant confessed after the police said witnesses could identify him. We must accept a reasonable inference drawn by the trial court from an established or undisputed fact. *C.R. v. American Standard Ins. Co.,* 113 Wis. 2d 12, 15, 334 N.W. 2d 121, 123 (Ct. App. 1983).

We conclude that the court did not err in denying defendant's motion to suppress his confession.

*Sentence*

The defendant argues that the ten-year sentence is excessive. We conclude that the trial court did not abuse its discretion.

A defendant who claims a sentence is excessive has a heavy burden under the present law. He must show an unreasonable or unjustifiable basis for it in the record. *Elias v. State*, 93 Wis. 2d 278, 281–82, 286 N.W.2d 559, 560 (1980). A strong policy exists against interference with the trial court's sentencing discretion. *State v. Killory*, 73 Wis. 2d 400, 408, 243 N.W.2d 475, 481 (1976).

Our review is limited to a two-step inquiry. We first determine whether the trial court properly exercised its discretion in imposing the sentence. If so, we then consider whether that discretion was abused by imposing an excessive sentence. *State v. Smith*, 100 Wis. 2d 317, 323, 302 N.W.2d 54, 57 (Ct. App. 1981). The primary factors on which a sentencing decision should be based are the gravity of the offense, the character of the offender and the need to protect the public. *Id.* at 325, 302 N.W.2d at 58.

The trial court's sentence of ten years imprisonment is one-half the statutory maximum for arson. Sections 943.02(1)(a) and 939.50(3)(b), Stats. The presentence report recommended a one-year jail term with structured work release followed by a term of probation. The trial court explained that it was not following this recommendation because of defendant's extensive juvenile record, his alcohol abuse, and the severity and

mindlessness of the arson. These are proper factors on which to base a sentencing decision. We cannot say that the trial court abused its discretion.

Accordingly, the judgment and order of the trial court are affirmed.

*By the Court.*—Judgment and order affirmed.