STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher M. LEWANDOWSKI, Defendant-Appellant.†

Court of Appeals

*No. 83-2415-CR. Submitted on briefs November 9, 1984.—
Decided January 28, 1985.*
(Also reported in 364 N.W.2d 550.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Alan G. Habermehl* and *Kalal & Habermehl* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *John J. Glinski*, assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Defendant appeals from a judgment of conviction of burglary and first degree sexual assault and an order denying his motion for postconviction relief. He argues that because he was 16 years old at the time of the offense and the circuit court record contained no evidence showing a waiver of the juvenile court's jurisdiction, the circuit court lacked subject matter jurisdiction. He alternatively contends that if a waiver is found, it was defective. He also contends that his sentence is excessive.

The circuit court record contained defendant's waiver into circuit court. Defendant raised the alleged waiver defects for the first time in his reply brief, and has therefore waived any error. The trial court did not abuse its discretion in sentencing defendant. We affirm defendant's conviction.

Defendant was arrested when he was 16 years old. After two hearings in juvenile court, that court waived jurisdiction and referred the matter to the district attorney for criminal proceedings in circuit court. Sec. 48.18(6), Stats. Defendant was charged with burglary, armed burglary, first degree sexual assault, and criminal damage to property.

At trial, a 12-year-old babysitter testified that defendant entered the house where she was sleeping on the sofa, woke her, and told her that he was drunk and wanted sex. He then pushed her upstairs stating that he had a knife. He forced her to remove her clothing and submit to sexual contact. She convinced him that the noise of a nearby car meant that the homeowners had returned. He made her promise not to report the incident and allowed her to run downstairs to delay the homeowners while he hid under a bed. She escaped, and defendant was immediately apprehended.

### Juvenile Court Waiver

Defendant contends that the circuit court had no subject matter jurisdiction over him because its record did not show a waiver of juvenile court jurisdiction.

Section 48.18(6), Stats., requires the juvenile court to waive jurisdiction over children 16 years old or older before the circuit court obtains jurisdiction for criminal proceedings. Section 48.18(2) requires a hearing be held before the juvenile court to determine whether waiver is appropriate.

In *State ex rel. A.E. v. Green Lake County Cir. Ct.*, 94 Wis. 2d 98, 105a–b, 292 N.W.2d 114, 114 (1980) (on motion for reconsideration) the court concluded that juvenile waiver orders are not "final orders" under sec. 808.03 (1), Stats., because they do not "[dispose] of the entire

matter in litigation as to one or more of the parties."
*Id.* (quoting sec. 808.03(1)). It also concluded that juvenile waiver orders were not "adjudications" under sec. 48.47, Stats., because they did not go to the merits of the case. It held "[t]he waiver order merely transfers the matter to another court." *Id.* at 105b, 292 N.W.2d at 114.

Underlying *A.E.*'s conclusion that juvenile waiver orders are not final is the proposition that a juvenile's waiver into criminal court is but part of one proceeding which begins when the child is taken into custody and ends with acquittal or conviction.

Because the juvenile and criminal proceedings were part of the same proceeding, it is unnecessary that juvenile orders be duplicated in the criminal portion of the proceeding. The record in the trial court was not defective.

Defendant argues for the first time in his reply brief that there were "defects" in the juvenile court's waiver hearings because (1) the court found prosecutive merit solely on the allegations of the petitions alleging delinquency and requesting waiver, (2) the testimony was inadequate in that the psychological evaluation of defendant was not summarized or introduced into the record, and (3) the waiver was granted without consideration of mitigating factors. He concludes that the "defects" deprived the trial court of subject matter jurisdiction.

Saying that defects deprive a trial court of subject matter jurisdiction does not make it so. A juvenile court has jurisdiction to err. The alleged defects are not jurisdictional.[1]

---

[1] We further note that "[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Mueller v. Brunn*, 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982).

In *In Matter of Estate of Bilsie*, 100 Wis. 2d 342, 346 n 2, 302 N.W.2d 508, 512 (Ct. App. 1980), we said: "Appellants waited until their reply brief to argue that the court ignored or failed to give proper weight to the evidence presented at trial. . . . We will not, as a general rule, consider issues raised by appellants for the first time in a reply brief."

Defendant first mentions the alleged hearing errors in his reply brief. We will not review them.

### The Sentences

Defendant contends that the trial court's concurrent sentences of five years in prison for first degree sexual assault and two years in prison for armed burglary constituted an abuse of discretion because the court concentrated solely on the severity of the offenses, excluded all other appropriate factors and made a blanket refusal to consider probation.

In *McCleary v. State*, 49 Wis. 2d 263, 276, 182 N.W.2d 512, 519 (1971), the court said that relevant sentencing factors are the protection of the public, the gravity of the offense and the defendant's rehabilitative needs. In *State v. Macemon*, 113 Wis. 2d 662, 667–68, 335 N.W.2d 402, 405–06 (1983), the court said that the trial court may also consider the defendant's criminal record, history of undesirable behavior patterns, personality and social traits, results of a presentence investigation, the aggravated nature of the crime, degree of culpability, demeanor at trial, remorse, repentance and cooperativeness, educational and employment history, the need for close rehabilitative control and the rights of the public. In *State v. Curbello-Rodriguez*, 119 Wis. 2d 414, 433–34, 351 N.W.2d 758, 767–68 (Ct. App. 1984), we said:

There is a strong policy against interfering with the trial court's sentencing discretion. Abuse of discretion might be found if the trial court failed to state on the record material factors which influenced its decision, gave too much weight to one factor in the face of other contravening considerations, or relied on irrelevant or immaterial factors. The weight to be given to each of the relevant factors is particularly within the wide discretion of the trial court. Imposition of a sentence may be based on any of the three primary factors after all relevant factors have been considered. [Citations omitted.]

The trial court said that it considered the seriousness of defendant's offenses and that protection of the public included demonstrating through this sentence "to other members of society they cannot go out and drink a six pack of beer and think they have a defense to criminal activities that take place"; that it did not consider defendant a prospect for probation because "[i]t would indicate to [other juveniles] that because you are so young that you can get away with serious conduct such as this." The trial court thus considered two of the three factors listed in *McCleary*, the gravity of the offense and the protection of the public. The trial court heard testimony from defendant's teacher, youth group leader, minister, potential foster parent and father's employer and stated that it had read defendant's mother's letter carefully. It stated that defendant's age and lack of criminal record were mitigating factors. It said that were it to use the sentencing guidelines developed by the Wisconsin Center for Public Policy, defendant would be sentenced for a period of six or seven years in the state prison for first degree sexual assault. We conclude that the trial court did not abuse its discretion because it weighed and stated relevant factors in its sentencing decision. We affirm.

*By the Court.*—Judgment affirmed.