STATE of Wisconsin, Plaintiff-Respondent,

v.

Olumide AKERELE-ALE, Defendant-Appellant.†

Court of Appeals

*No. 93–0752. Submitted on briefs November 3, 1993.—Decided December 9, 1993.*

(Also reported in 512 N.W.2d 197.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jeffrey D. Knickmeier* of Stoughton.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sharon Ruhly*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   Olumide Akerele-Ale stabbed two people on November 30, 1985, inflicting multiple wounds on each victim. For those acts he was charged and convicted of two counts of attempted first-degree murder and two counts of injury regardless of life. We affirmed the convictions on Akerele-Ale's direct appeal in *State v. Akerele-Ale*, No. 87-2277-CR, unpublished slip op. (Wis. Ct. App. Oct. 26, 1988).

On this appeal, he challenges the trial court's denial of his sec. 974.06, Stats., motion to vacate the convictions for attempted murder on the ground that, when considered with the injury-regardless-of-life charges, they violated the double jeopardy provisions of the United States and Wisconsin Constitutions.

We conclude that *State v. Ambuehl*, 145 Wis. 2d 343, 363, 425 N.W.2d 649, 657 (Ct. App. 1988), in which we held that convicting a defendant of both attempted first-degree murder and injury by conduct regardless of life did not violate the constitutional proscriptions against double jeopardy, controls the decision in this case and we therefore affirm the order.

Wisconsin statutes permit prosecution under more than one statutory provision for the same conduct. Section 939.65, Stats.; *State v. Sauceda*, 168 Wis. 2d 486, 493, 485 N.W.2d 1, 4 (1992). However, if one of the two charges of which the defendant has been convicted is a lesser-included offense of the other, the defendant is being punished twice for the same offense and both convictions cannot stand. Section 939.66, Stats.; *Ambuehl*, 145 Wis. 2d at 362-63, 425 N.W.2d at 657.

To determine whether the two charged offenses are the same — whether one is included in the other — we first apply the "elements only" test set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932). It is a test that "focuses not on the peculiar factual nature of a given defendant's criminal activity, but on whether the lesser offense is statutorily within the greater." *Hagenkord v. State*, 100 Wis. 2d 452, 481, 302 N.W.2d 421, 436 (1981).

As indicated, we considered in *Ambuehl* the same issue raised by Akerele-Ale: whether the offenses of

attempted first-degree murder and injury by conduct regardless of life are the "same" offense within the meaning of the *Blockburger* double jeopardy analysis. We held in that case that the two were not the same because each requires proof of an element the other does not:

> Attempted first-degree murder . . . requires proof of intent to kill. Injury by conduct regardless of life . . . does not require proof of that intent. Injury by conduct regardless of life requires proof of great bodily harm, a fact which need not be proved for attempted first-degree murder.
>
> Because the charges against Ambuehl are not for the "same" offense, [the] double jeopardy analysis stops. *Ambuehl*, 145 Wis. 2d at 363, 425 N.W.2d at 657.

Finally, we note that the 1984 statutes we considered in *Ambuehl* are the same statutes applicable to Akerele-Ale's November 1985 offenses.

■

The concurring opinion in this case argues persuasively that it makes little sense under the double jeopardy clause to permit multiple prosecutions and convictions for these two offenses, and the author of this opinion agrees. As we have said, however, *Ambuehl* controls our resolution of the issue.[1]

---

[1] As we noted in *State v. Kanarowski*, 170 Wis. 2d 504, 512-13, 489 N.W.2d 660, 663 (Ct. App. 1992), a two-part test is applied in multiplicity cases: "First, the court must conduct a *Blockburger* [elements-only] analysis. If that analysis favors the state, then the presumption is that the legislature intended to allow multiple charges for the same act. The presumption may be overcome by showing a legislative intent to the contrary." Our reading of the applicable statutes discloses no such contrary intent.

![redacted]

*By the Court.*—Order affirmed.

GARTZKE, P.J. (*concurring*). I dissented in *State v. Johnson*, 178 Wis. 2d 42, 57, 503 N.W.2d 575, 579 (Ct. App. 1993). Johnson was convicted of attempted murder and aggravated battery. He claimed that the two convictions subjected him to double jeopardy and that the trial court improperly imposed consecutive sentences for the two offenses. The majority affirmed the conviction. I dissented on grounds that the legislature did not intend to permit multiple punishments for those crimes, but if that was the legislature's intent, the trial court erroneously exercised its discretion by imposing consecutive sentences.

Here the trial court had the good sense to sentence the defendant, Olumide Akerele-Ale, to concurrent rather than consecutive sentences for attempted first-degree murder and injury by conduct regardless of life. I therefore concur rather than dissent.

The concurrent sentences imposed in this case exemplify the exercise of judicial discretion contemplated by the supreme court in *State v. Rabe*, 96 Wis. 2d 48, 291 N.W.2d 809 (1980) and *State v. Tappa*, 127 Wis. 2d 155, 378 N.W.2d 883 (1985). In *Rabe*, the defendants feared that the right of the state to charge multiple counts would result in disproportionate penalties. To dispel that fear, the *Rabe* court relied on prosecutorial and judicial discretion. The court reasoned that, "[c]learly, just because multiple counts may be charged does not require a prosecutor to so charge in every case where legally possible to do so. Nor is a judge in every case compelled to impose maximum consecutive sentences." *Rabe*, 96 Wis. 2d at 77, 291 N.W.2d at 823. And again, in *Tappa*, the court concluded that "[t]he

right of the state to allege multiple charges is subject to prosecutorial charging discretion and to judicial discretion in sentencing." *Tappa*, 127 Wis. 2d at 171, 378 N.W.2d at 890.

*Johnson* shows that the supreme court's reliance in *Rabe* and *Tappa* on prosecutorial and judicial discretion in multiple-charge cases has not prevented consecutive sentences where a conviction on one crime, as a matter of fact but not law, included a conviction on the lesser crime.

Nevertheless, in the multiple-charge case before us, the trial court's exercise of sentencing discretion avoided the evil of making the defendant serve consecutive sentences on convictions on multiple charges, one of which, as a matter of fact but not law, includes a lesser charge.

JUDGE SUNDBY authorizes me to state that he joins in this concurrence.