State of Wisconsin, Plaintiff-Respondent,
v.
Jacob D. Ward, Defendant-Appellant.
No. 04-1078-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 15, 2005.
Before Wedemeyer, P.J., Curley and Kessler, JJ.
¶1 PER CURIAM.
Jacob D. Ward appeals from a judgment convicting him of three counts of robbery by use of force, while armed with a dangerous weapon, party to a crime, one count of robbery by threat of force, while armed with a dangerous weapon, party to a crime, and one count of theft of moveable property having a value not exceeding $2500, party to a crime. The circuit court imposed concurrent sentences resulting in an aggregate initial term of twelve ye ars of incarceration followed by an aggregate term of extended supervision totaling twelve years. The circuit court issued an order denying Ward's motion for sentence modification. Because we conclude that the circuit court properly exercised discretion at Ward's sentencing and did not impose unduly harsh sentences when compared to the penalties imposed on his co-defendants, we affirm.
¶2 For two months in late 2002, Ward and at least two others, Demetrius McCoy and Calvin Davis, engaged in a crime spree involving multiple armed robberies and theft. Ward was seventeen years old during the crime spree and the only member of the group able to drive. He transported Davis and McCoy and they accosted people on the street at gunpoint, robbing them of money.
¶3 McCoy was sentenced on May 23, 2003, to an aggregate term of eight years of initial confinement followed by eight years of extended supervision for convictions of one count of armed robbery by threat of force and two counts of robbery by use of force. Davis was sentenced on August 8, 2003, to an aggregate term of three years of initial confinement followed by five years of extended supervision for convictions of two counts of robbery by use of force. Ward was sentenced on August 27, 2003. At sentencing, the court considered the five felonies to which Ward pled guilty, as well as five additional counts of armed robbery that were dismissed and read in, and five uncharged felonies that were read in as well. In addition to imposing twelve years of initial confinement followed by twelve years of extended supervision, the sentencing court determined that Ward qualified for Challenge Incarceration after serving five years of his initial confinement.
¶4 Ward argues on appeal that the sentencing court erroneously exercised discretion at sentencing by failing to consider certain mitigating factors, including his youth, his allegedly limited participation in the robberies, his expressions of remorse for the victims and his clean criminal record prior to the string of crimes underlying this case. Ward also argues that the trial court failed to properly weigh his need for substance abuse treatment and failed to adequately explain the sentences imposed. Finally, War d argues that the disparity between the sentences imposed on him and the sentences imposed on his accomplices was evidence of the trial court's erroneous exercise of discretion, and evidence that his sentences are unduly harsh. We address each argument in turn.
¶5 Sentencing is within the discretion of the trial court and our review is limited to whether the trial court erroneously exercised its discretion. State v. Harris, 119 Wis. 2d 612, 622, 350 N.W.2d 633 (1984). Although the trial court is presumed to have acted reasonably, id., the trial court must articulate the basis of the sentence on the record. McCleary v. State, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). The primary factors to be considered are the gravity of the offense, the character of the offender, and the need to protect the public. Id. at 275-76. Further:
[a] court may exceed its discretion when it places too much weight on any one factor in the face of contravening considerations, or when the sentence is so excessive as to "shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." However, the weight to be accorded to particular factors in sentencing is for the trial court, not the appellate court, to determine. Thus, we may not substitute our judgment or preference for a sentence merely because, had we been in the trial court's position, we would have imposed a different sentence. And where the challenge is that the sentence is excessive, the defendant bears the burden of establishing that it is unjustified or unreasonable. State v. Johnson, 178 Wis. 2d 42, 53, 503 N.W.2d 575 (Ct. App. 1993) (citations omitted).
¶6 Here, the trial court looked at all the relevant facts, including the seriousness of the offense, the community's interest in deterring violent crimes, and Ward's background and character. The trial court determined that imprisonment rather than probation was appropriate to protect the community due to the length of the crime spree and Ward's need for treatment. The court observed that Ward had a clear need for structure and programming, yet he had few if any resources in the community. And although Ward minimized his role in the crimes underlying this case, the trial court assigned significant weight to the number and seriousness of crimes committed and the duration of the crime spree.
¶7 The record also reflects that the trial court carefully considered Ward's character. The court acknowl edged that Ward had a difficult early life as his father was wholly absent and his mother was addicted to heroin. The court also acknowledged Ward's high intelligence and the absence of a criminal history and prior criminal record. At the same time, the trial court expressed deep concern that Ward did not use his intelligence constructively and was instead willing to repeatedly engage in dangerous, anti-social conduct.[1] The court concluded that Ward's lack of self-discipline and unwillingness to conform his conduct to the requirements of law justified the need to place Ward in a secure setting where he could get treatment for his drug dependence.
¶8 The record reflects that the court heavily weighed the need to protect the community and the seriousness of Ward's criminal conduct in formulating the sentence imposed here, despite Ward's expression of remorse. The assignment of such weight is well within the sentencing court's discretion. See State v. Spears, 147 Wis. 2d 429, 447-48, 433 N.W.2d 595 (Ct. App. 1988) (trial court's emphasis on seriousness of offense at sentencing affirmed even though defendant expressed "considerable remorse"). In sum, we conclude the record amply demonstrates the trial court's lawful exercise of sentencing discretion in light of the three primary factors detailed in McCleary.
¶9 Ward next argues that the circuit court erred in failing to state its reasons for each sentence imposed in relation to each count. The court identified the objectives of the sentences imposed, the facts related to each objective, and the reasons these factors both fit with the objectives of the sentence and influenced the trial court's decision. The court's record was adequate under State v. Gallion, 2004 WI 42, ¶¶37-43, 270 Wis. 2d 535, 678 N.W.2d 197.
¶10 We turn now to Ward's final argumentthat the difference in length between his aggregate sentences and the aggregate sentences imposed on Davis and McCoy, the other participants in the crimes charged, is evidence of the trial court's erroneous exercise of discretion and evidence that his sentences were unduly harsh and excessive.
¶11 "A mere disparity between the sentences of co-defendants is not improper if the individual sentences are based upon individual culpability and the need for rehabilitation." State v. Toliver, 187 Wis. 2d 346, 362, 523 N.W.2d 113 (Ct. App. 1994). The record reflects that the trial court fashioned the sentences imposed on the accomplices in light of these factors.
¶12 Ward was not similarly situated with his accomplices in terms of either the number of charges he faced, the number of convictions entered, or his particular rehabilitative needs. Ward was initially charged with ten felonies, nine of which involved violence. In contrast, Davis was charged with three counts and convicted of two, and McCoy was charged with seven counts and convicted of three. The trial court also found that Ward presented a significant need for rehabilitation in a structured setting in light of the unique paucity of resources available to him in the community. We conclude that the trial court based Ward's sentences on the appropriate factors and that the disparity between Ward's aggregate sentences and those of his accomplices was not the result of an erroneous exercise of discretion.
¶13 We likewise reject Ward's contention that the disparity in sentences is evidence that his aggregate sentences are unduly harsh and excessive. Ward faced potential sentences totaling two-hundred-and-fifty years of imprisonment, two-hundred-and-twenty years more than Davis faced, and seventy years more than McCoy faced. When Ward arrived at sentencing, he brought with him more convictions, more admitted crimes, and, in the trial court's opinion, more influence on whether the crime spree continued or not. The trial court properly relied on these distinctions between Ward and his two accomplices when it imposed the aggregate sentence challenged here. See Toliver, 187 Wis. 2d at 362.
By the Court.  Judgment and order affirmed.
NOTES
[1] Ward argues on appeal that he had tried to "stall" one of the robberies and that this conduct entitled him to sentence modification. Ward failed to present this allegation at his sentencing, instead first raising it in his motion for sentence modification. This court will not overturn a circuit court's discretionary decision on a ground not presented to the trial court in a timely fashion. State v. Samuel, 2001 WI App 25, ¶¶41-43, 240 Wis. 2d 756, 623 N.W.2d 565 (defendant waives argument that trial court considered allegedly inaccurate information at sentencing when he failed to object or disagree at sentencing).