**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 14, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP844-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CT37

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

NICHOLAS A. CONGER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Green Lake County: MARK T. SLATE, Judge. *Affirmed.*

¶1      LAZAR, J.[1]   Courts walk a precarious tightrope when they balance an individual's protected privacy interests and the promotion of legitimate

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

governmental interests in order to determine the reasonableness of law enforcement conduct under the Fourth Amendment.[2] *See **Wyoming v. Houghton***, 526 U.S. 295, 299-300 (1999). Here, Nicholas A. Conger appeals from a judgment of conviction for operating a vehicle with a restricted controlled substance (RCS) in his blood (third offense) contrary to WIS. STAT. § 346.63(1)(am), and the order denying his motion for postconviction relief, which alleged ineffective assistance of counsel. Conger contends that he was prejudiced by his trial counsel's failure to bring a second suppression motion asserting that law enforcement lacked reasonable suspicion to extend a traffic stop for defective equipment to conduct standardized field sobriety tests when there was only an open intoxicant in his vehicle and he evidenced no signs of impairment. This court concludes that the facts warranted reasonable suspicion of impaired driving or driving with a restricted controlled substance in the blood such that extension of the stop was lawful, and, therefore, Conger's trial counsel was not ineffective in her representation. The judgment and order are affirmed.

## BACKGROUND

¶2      In December 2018, Officer Bradley Wendt conducted a traffic stop on a car Conger was driving. Wendt's sole reason for the stop was that he noticed Conger's high-mounted stop lamp was not working. When he approached Conger, however, he smelled alcohol. Wendt asked Conger what he was smelling coming from the vehicle. Surprising the officer, Conger responded, "Probably the

---

[2] U.S. CONST. amend. IV. Article I, section 11 of the Wisconsin Constitution is substantively identical. **State v. Richter**, 2000 WI 58, ¶27, 235 Wis. 2d 524, 612 N.W.2d 29.

pot." Conger handed over both an open can of Mike's Hard Lemonade and a small amount of marijuana. He responded affirmatively to Wendt's question of whether he had been drinking.

¶3      At that point, Wendt asked Conger if he would be willing to perform Standardized Field Sobriety Tests (SFSTs), and Conger agreed. Due to the cold weather, Wendt transported Conger to the police station (a few blocks away) to perform the SFSTs. Wendt had an ARIDE certification that indicated he had training about drugs and substances other than alcohol that can impair a driver's ability to safely operate a motor vehicle. Based on Conger's performance on the SFSTs, additional conversation (including an alleged admission[3] that he had recently smoked marijuana), and physical observations (including perceived heat bumps on Conger's tongue), Wendt arrested Conger for operating a motor vehicle with a restricted controlled substance in his blood. Law enforcement subsequently tested his blood and determined that it contained THC.

¶4      Conger pled not guilty to the charge of driving with a restricted controlled substance in his blood (third offense). His counsel filed several motions, including motions to suppress evidence for lack of probable cause to arrest and to suppress statements based upon violation of *Miranda*,[4] which the trial court denied. A jury rejected Conger's defense that the blood test results were not reliable and convicted him in May 2021.

---

[3] Conger disputes that he told the officer that he had smoked marijuana that day; he claims to have admitted to smoking the day before.

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶5      Conger filed a postconviction motion asserting ineffective assistance of counsel based on his trial counsel's failure to file a motion to suppress evidence based on the allegedly unlawful extension of the traffic stop described above. Conger's argument was that, lacking any indicia of intoxication or evidence of recent marijuana use, Wendt did not have the requisite reasonable suspicion of impaired driving to extend the stop into an OWI/RCS investigation. The trial court held a hearing on this motion during which Conger's trial counsel testified, in hindsight, that her decision not to file a motion challenging the extension of the traffic stop was an oversight. The trial court denied Conger's motion (and his subsequent motion for reconsideration, at which Wendt testified), finding that the odor of intoxicants, the open can of alcohol in the vehicle, Conger's statements regarding the smell of marijuana and the admission of drinking, and Conger's bloodshot eyes[5] provided reasonable suspicion such that a motion to suppress would not have succeeded. Therefore, the court determined, Conger's trial counsel was not ineffective because the motion would not have been successful and Conger was not prejudiced "in any way." Conger appeals.

## DISCUSSION

¶6      Conger contends that his trial counsel's representation was deficient because she failed to challenge the conversion of an equipment violation traffic stop into an investigatory stop when there was no evidence of impairment or

_____

[5] At an October 2019 hearing on Conger's pretrial motion to suppress evidence for lack of probable cause to arrest, Wendt testified that Conger's bloodshot eyes were an additional indication to him that Conger had recently used alcohol or marijuana. Conger challenges the trial court's finding that Wendt observed that his eyes were bloodshot as clearly erroneous because Wendt's testimony at the 2019 hearing is inconsistent with his 2018 police report and his 2021 trial testimony. This will be addressed below.

4

recent consumption of a restricted controlled substance. Had she filed that motion to suppress, Conger claims, the extension of his traffic stop would have been declared unconstitutional and all evidence derived therefrom would have been suppressed. He argues this despite the other motions—one of which raised almost the same issue—that were filed on his behalf and that the trial court denied. Conger also contends that the trial court's factual finding that he had bloodshot eyes is clearly erroneous.

¶7    The State, to the contrary, argues that under the totality of the circumstances, there were more than sufficient articulable facts to support the officer's reasonable suspicion to extend the legal traffic stop and to conduct the SFSTs. It also asserts that, because of that reasonable suspicion, there was no ineffective assistance of counsel. This court agrees.

## I.    Standard of Review

¶8    Both issues in this appeal center upon constitutional rights, and, as such, they are subject to a two-step process of review. *State v. Dalton*, 2018 WI 85, ¶33, 383 Wis. 2d 147, 914 N.W.2d 120; *State v. Tullberg*, 2014 WI 134, ¶27, 359 Wis. 2d 421, 857 N.W.2d 120. First, this court will uphold a trial court's findings of fact unless they are clearly erroneous. *State v. Hughes*, 2000 WI 24, ¶15, 233 Wis. 2d 280, 607 N.W.2d 621 (citing *State v. Secrist*, 224 Wis. 2d 201, 207, 589 N.W.2d 387 (1999)). Second, this court applies the law to those facts de novo. *Dalton*, 383 Wis. 2d 147, ¶33.

## II. Ineffective Assistance of Counsel

¶9     Derived from the Counsel Clause of the Sixth Amendment,[6] it is well settled that criminal defendants are constitutionally guaranteed the right to the assistance of competent counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). This fundamental right is applicable in Wisconsin as well, through the Sixth Amendment (made applicable to the states by the Fourteenth Amendment) and through article 1, section 7 of the Wisconsin Constitution. *State v. Jenkins*, 2014 WI 59, ¶34 & n.11, 355 Wis. 2d 180, 848 N.W.2d 786. This is not just a right to counsel, but a right to the "effective" or "adequate" assistance of counsel. *State v. Schaefer*, 2008 WI 25, ¶83 n.19, 308 Wis. 2d 279, 746 N.W.2d 457; *State v. Pitsch*, 124 Wis. 2d 628, 633, 369 N.W.2d 711 (1985).

¶10    "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984). The question of ineffectiveness is case specific. It is an inquiry into a particular defendant's rights in a specific case.

¶11    "The benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [or, in this case, the pretrial motion practice]

---

[6] U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

cannot be relied on as having produced a just result." *Jenkins*, 355 Wis. 2d 180, ¶34. The two-prong test to be used by the court was set forth in *Strickland* and adopted in Wisconsin in *State v. Mayo*, 2007 WI 78, ¶¶33, 60, 301 Wis. 2d 642, 734 N.W.2d 115. "First, the defendant must demonstrate that counsel's performance was deficient." *Id.*, ¶33. "Second, the defendant must demonstrate that counsel's deficient performance was prejudicial to his or her defense." *Id.* In essence, "[a] defendant who alleges that counsel was ineffective by failing to take certain steps must show with specificity what the actions, if taken, would have revealed and how they would have altered the outcome of the proceeding." *State v. Prescott*, 2012 WI App 136, ¶11, 345 Wis. 2d 313, 825 N.W.2d 515 (quoting *State v. Byrge*, 225 Wis. 2d 702, 724, 594 N.W.2d 388 (Ct. App. 1999), *aff'd*, 2000 WI 101, 237 Wis. 2d 197, 614 N.W.2d 477).

¶12 The party asserting an ineffective assistance of counsel claim bears the burden of proof as to both of the *Strickland* analysis prongs. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶39-41, 360 Wis. 2d 522, 849 N.W.2d 668. To prevail on a claim for ineffective assistance of counsel, both prongs must be established. *State v. Hudson*, 2013 WI App 120, ¶11, 351 Wis. 2d 73, 839 N.W.2d 147. This court "need not address both the performance and the prejudice elements, if the defendant cannot make a sufficient showing as to one or the other element." *Mayo*, 301 Wis. 2d 642, ¶61; *State v. Tomlinson*, 2001 WI App 212, ¶40, 247 Wis. 2d 682, 635 N.W.2d 201. Thus, a failure to prove either prong is sufficient to defeat the ineffective assistance of counsel argument.

¶13 When reviewing trial counsel's performance, this court gives great deference to counsel and every effort must be made to avoid a finding of ineffectiveness based upon hindsight. *State v. Reynolds*, 206 Wis. 2d 356, 363, 557 N.W.2d 821 (Ct. App. 1996). "Rather, the case is reviewed from counsel's

perspective at the time of trial [or the pretrial motion phase], and the burden is ... on the defendant [appellant] to overcome a strong presumption that counsel acted reasonably within professional norms." *Id.* Constitutional ineffective assistance "is a mixed question of fact and law." *State v. McDowell*, 2004 WI 70, ¶31, 272 Wis. 2d 488, 681 N.W.2d 500. And, as noted above, this court "will not disturb the [trial] court's findings of fact unless they are clearly erroneous," but whether defense counsel's performance was constitutionally ineffective is a question of law we review de novo. *Id.*

¶14    "A defendant does not show the element of deficient performance 'simply by demonstrating that his counsel was imperfect or less than ideal.'" *State v. Burton*, 2013 WI 61, ¶48, 349 Wis. 2d 1, 832 N.W.2d 611 (quoting *State v. Balliette*, 2011 WI 79, ¶22, 336 Wis. 2d 358, 805 N.W.2d 334). Nor does "effective" equate to successful. "A court must be vigilant against the skewed perspective that may result from hindsight, and it may not second-guess counsel's performance solely because the defense proved unsuccessful." *Balliette*, 336 Wis. 2d 358, ¶25. "As *Strickland* reminds us, there is a 'wide range of professionally competent assistance,' and the bar is not very high." *State v. Westmoreland*, 2008 WI App 15, ¶21, 307 Wis. 2d 429, 744 N.W.2d 919 (2007) (citation omitted); *see also* *Yarborough v. Gentry*, 540 U.S. 1, 11 (2003) (lawyer need not be a Clarence Darrow to survive an ineffectiveness contention).

¶15    In this appeal, Conger's claim for ineffective assistance of counsel relies upon the failure of his trial counsel to challenge the legality of the officer's extension of a traffic stop into the OWI/RCS investigation that led to his arrest. That contention will be addressed in the following section. However, the double suppression motion that was filed by Conger's trial counsel must also be taken into consideration.

¶16 On September 9, 2019, Conger's trial counsel filed "**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS BASED UPON VIOLATION OF *MIRANDA*/DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF BLOOD RESULTS BASED ON NO PROBABLE CAUSE FOR ARREST**." The first half of the motion asserted that "Conger was in custody when he was questioned at Princeton Police Department." (Emphasis omitted.) The second half of that motion alleged that "under the totality of the circumstances, there was insufficient evidence to support probable cause for arrest for Operating With Restricted Controlled Substance." The trial court held an evidentiary hearing on October 18, 2019.

¶17 At that hearing, the trial court sought to clarify which issues were actually before the court:

> COURT: Stop you there. Attorney Jobling, are you going to—are we contesting the field sobriety tests?
>
> MS. JOBLING: Well, I'm contesting probable cause for the arrest for operating with a restricted controlled substance.

¶18 In her closing arguments on that double suppression motion, Conger's trial attorney focused upon the issue of whether there was probable cause for arrest, or more apt, the lack thereof:

> Our next argument is, without those statements Officer Wendt lacked probable cause for arrest for operating with a restricted controlled substance.

¶19 Finally, in its oral ruling, the trial court discussed why it believed there was sufficient probable cause for Conger's arrest:

> With regards to the probable cause to arrest. There were some clues; there was an admission of marijuana; there was a PBT of alcohol; the Court only needs to determine whether or not there was probable cause to believe the

9

defendant was under the influence of an intoxicant. We have an intoxicant, an illegal substance, or a combination of the two. The Court does believe that that would be reasonable based on the tests, [to] find probable cause that he was under th[e] influence, and the Court will deny that motion, also.

¶20 While it did not specifically rule on the legality of the extension of the traffic stop, the trial court did hear testimony that related to that part of the officer's interaction with Conger. In its Decision denying the motion for postconviction relief, the court noted that although the trial attorney "did not specifically file a motion to suppress [based on] the unreasonableness of the extension of the traffic stop, all of the evidence that would have been received from such a hearing was received at the October 18, 2019 hearing." This is obviously not dispositive of this appeal, but it is the foundation upon which the allegations of ineffective assistance of counsel shall be considered: there is no dispute that Conger's trial counsel knew what facts would be set before the trial court in another pretrial suppression motion, and that she was aware of the trial court's prior deliberations and ruling on probable cause.

¶21 It is with that foundation that this court considers the extension of the traffic stop and whether Conger's trial counsel was ineffective.

### III. Reasonable Suspicion to Extend the Traffic Stop

¶22 People are protected against unreasonable searches and seizures under the auspices of both the Fourth Amendment of the United States Constitution and article I, section 11 of the Wisconsin Constitution. "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Davis v. United States*, 564 U.S. 229, 236 (2011) (quoting U.S. CONST. amend. IV); *see also State*

10

*v. Avery*, 2011 WI App 124, ¶14, 337 Wis. 2d 351, 804 N.W.2d 216. The key phrase is that the people are protected against "unreasonable" searches and seizures. *See State v. Parisi*, 2016 WI 10, ¶28, 367 Wis. 2d 1, 875 N.W.2d 619.

¶23 Both of these constitutional "provisions' purpose is to safeguard individuals' privacy and security against arbitrary governmental invasions, which requires striking a balance between the intrusion on an individual's privacy and the government's promotion of its legitimate interests." *State v. Sykes*, 2005 WI 48, ¶13, 279 Wis. 2d 742, 695 N.W.2d 277. The Fourth Amendment is applicable to and binding upon the States. *State v. Koch*, 175 Wis. 2d 684, 700, 499 N.W.2d 152 (1993).

¶24 In evaluating whether probable cause exists, the court must "look to the totality of the circumstances to determine whether the 'arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe ... that the defendant was operating a motor vehicle while under the influence of an intoxicant.'" *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994) (alteration in original) (quoting *State v. Nordness*, 128 Wis. 2d 15, 35, 381 N.W.2d 300 (1986)). This is a "common sense test" and looks to "[w]hat would a reasonable police officer reasonably suspect in light of his or her training and experience." *State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996).

¶25 "Reasonable suspicion is 'a low bar[.]'" *State v. Nimmer*, 2022 WI 47, ¶25, 402 Wis. 2d 416, 975 N.W.2d 598 (alteration in original; citation omitted). It requires less certainty than probable cause. *State v. Eason*, 2001 WI 98, ¶19, 245 Wis. 2d 206, 629 N.W.2d 625. But, it must be based on more than an officer's "inchoate and unparticularized suspicion or 'hunch.'" *State v. Post*, 2007

11

WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634 (quoting ***Terry v. Ohio***, 392 U.S. 1, 27 (1968)).  To be reasonable, not only must a traffic offense stop (like other Fourth Amendment seizures) be justified at its inception, but subsequent police conduct must also be reasonable under the circumstances.  *See **State v. Arias***, 2008 WI 84, ¶30, 311 Wis. 2d 358, 752 N.W.2d 748.

¶26    Reasonable suspicion is defined as "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." ***Terry***, 392 U.S. at 21.  This court has explained that:

> If, during a valid traffic stop, the officer becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses separate and distinct from the acts that prompted the officer's intervention in the first place, the stop may be extended and a new investigation begun.  The validity of the extension is tested in the same manner, and under the same criteria, as the initial stop.

***State v. Adell***, 2021 WI App 72, ¶16, 399 Wis. 2d 399, 966 N.W.2d 115 (quoting ***State v. Betow***, 226 Wis. 2d 90, 94-95, 593 N.W.2d 499 (Ct. App. 1999)).  *See also **State v. Smith***, 2018 WI 2, ¶28, 379 Wis. 2d 86, 905 N.W.2d 353 ("Discovering additional reasonable suspicion during the ordinary inquiries can lead to a legal basis upon which to extend the stop beyond the ordinary inquiries.").

¶27    In this case, Wendt made several observations when he spoke with Conger during the initial portion of the traffic stop.  First, he smelled a moderate

odor of intoxicants[7] coming from the vehicle, in which only Conger was sitting. Conger handed him an open can of Mike's Hard Lemonade (an alcoholic beverage), which had been in the vehicle[8] within Conger's reach. The police report reflects that Conger admitted to drinking the Hard Lemonade.[9] When Wendt returned to the vehicle and asked about the odor coming from the vehicle, Conger said it was "probably the pot." Conger handed over the open can and a container of raw marijuana.[10] Whether Conger's eyes were bloodshot will be addressed below.

¶28 The trial court considered all these factors in its written decision denying the postconviction ineffective assistance of counsel motion. It identified the key question and then ruled as follows:

> Therefore, the question is[:] would a reasonable attorney, after having heard the evidence presented at the motion hearing on October 18, 2019, determine that there was any likelihood of success on a motion to suppress based on lack of reasonable suspicion to extend the traffic stop.
>
> ….
>
> The Court concludes that no reasonable attorney would believe that they could be successful with the evidence that had been received from the October 18 hearing.

---

[7] The odor of intoxicants is considered a fact that can build to reasonable suspicion. *See, e.g., State v. Adell*, 2021 WI App 72, ¶23, 399 Wis. 2d 399, 966 N.W.2d 115; *State v. Reese*, 2014 WI App 27, ¶13, 353 Wis. 2d 266, 844 N.W.2d 396; *State v. Dunn*, 158 Wis. 2d 138, 144, 462 N.W.2d 538 (Ct. App. 1990).

[8] This in and of itself is a noncriminal violation of the law. *See* WIS. STAT. § 346.935 (open container prohibition).

[9] Conger concedes "that it is reasonable to infer that he had drunk from the open container."

[10] The possession of the marijuana is a violation of WIS. STAT. § 961.41(3g)(e).

¶29   The court in *Waldner*, 206 Wis. 2d at 58, concisely set out how courts are to consider multiple facts and how the accumulation of those facts can build to a finding of reasonable suspicion:

> Any one of these facts, standing alone, might well be insufficient. But that is not the test we apply. We look to the totality of the facts taken together. The building blocks of fact accumulate. And as they accumulate, reasonable inferences about the cumulative effect can be drawn. In essence, a point is reached where the sum of the whole is greater than the sum of its individual parts. That is what we have here. These facts gave rise to a reasonable suspicion that something unlawful might well be afoot.

¶30   Conger asserts that the mere presence of the open alcoholic beverage can in the vehicle, the raw marijuana, and even the admission that he drank one or two cans of Mike's Hard Lemonade without some type of bad driving or physical manifestation of alcohol use is not enough to meet the low bar of reasonable suspicion. He cites to four unpublished cases[11] in support of that assertion: *State v. Dotson*, No. 2019AP1082-CR, unpublished slip op. (WI App Nov. 24, 2020); *State v. Gonzalez*, No. 2013AP2585-CR, unpublished slip op. (WI App May 8, 2014); *State v. Meye*, No. 2010AP336-CR, unpublished slip op. (WI App Jul. 14, 2010); and *County of Sauk v. Leon*, No. 2010AP1593, unpublished slip op. (WI App Nov. 24, 2010). Each case stands for the proposition that the odor of alcohol alone (either in the vehicle or on the driver's breath) is not enough to conjure reasonable suspicion. However, the odor of alcohol is not the only factor supporting reasonable suspicion in Conger's case; he admitted drinking, he admitted that the vehicle smelled like "pot," and handed over both an open container of alcohol and marijuana. These facts accumulated and gave rise to a

---

[11] Unpublished cases may not be cited for precedential value, but may be cited for persuasive value. *See* WIS. STAT. RULE 809.23(3)(a), (b).

reasonable suspicion that something unlawful was afoot. Standing alone, the presence of marijuana was enough to allow Wendt to issue a citation. The alcohol and the marijuana together were enough for an officer trained in detecting drug and illegal substance impairments to continue and extend this traffic stop.

¶31 Wendt was not acting on a hunch that Conger had alcohol and marijuana. Conger admitted to both. The four cases Conger relies upon with only alcohol and no observed bad driving did not have the additional building block of an illegal substance. Both the open can and the container of marijuana could lead to Wendt's reasonable suspicion that Conger was committing or about to commit a crime involving alcohol consumption while driving or using that restricted controlled substance (whether he was driving or not). A reasonable officer would also recognize that a noncriminal offense (open container) and a criminal offense (marijuana possession) had already taken place.

¶32 "In a long line of cases, [the United States Supreme Court has] said that when an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests is not in doubt. The arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008). Therefore, in Conger's case, probable cause existed. The extension of the traffic stop and the subsequent arrest of Conger was reasonable. *See* *State v. Anagnos*, 2012 WI 64, ¶56, 341 Wis. 2d 576, 815 N.W.2d 675; *Post*, 301 Wis. 2d 1, ¶13.

¶33 Finally, Conger asserts that the trial court's factual finding at the October 18, 2019, evidentiary hearing that Conger's eyes were bloodshot was clearly erroneous. The trial court, while continuing to assert that bloodshot eyes were a factor leading towards reasonable suspicion, easily disposed of the fact that

Wendt testified to bloodshot eyes at the initial suppression motion hearing and then, facing his contemporaneously prepared police report at trial (which did not mention bloodshot eyes), conceded that the report should take precedence by explaining that the trial counsel "would not have the knowledge of what the officer would testify to about at the time of trial, only what the officer had testified to at the suppression hearing to make the decision as to whether or not there would be any likelihood that that motion would be successful." The court continued, "[i]t is reasonable to assume the officer's testimony at another suppression hearing would be the same testimony as he gave in the October 18, 2019 hearing." This is why, despite the police report and Wendt's later concession, the trial court continued to rely upon the officer's pretrial statement of bloodshot eyes when it denied the postconviction motion.

¶34 The situation here is somewhat unique because the officer testified twice that Conger's eyes were bloodshot. Trial counsel did not challenge that statement during the pretrial suppression motion—even though it is to be assumed that she had the police report, which did not mention Conger's eyes. Counsel was apparently more prepared at the trial and was able to get Wendt to walk back from his earlier pretrial assertion. The trial court, however, knew all of this when it denied the postconviction motion. In fact, it reasoned that Conger's trial counsel would have reacted the same way at another suppression motion and not have turned to the police report to challenge Wendt. That is something that can never be resolved with any degree of certainty.

¶35 This court concludes that the traffic stop was lawfully extended regardless of whether or not Wendt observed that Conger's eyes were bloodshot, thus rendering this issue irrelevant. *See* ***Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (when one issue is dispositive of an appeal, we need

16

not discuss other issues). There is no need to determine if the trial court's finding is clearly erroneous and its subsequent conclusion that bloodshot eyes would be another factor to be considered. This court concludes that, even without any testimony about bloodshot eyes, there were sufficient building blocks that created reasonable suspicion to extend the traffic stop.

¶36 There were sufficient specific and articulable facts, taken together with the rational inferences made by a law enforcement officer with alcohol and drug recognition training, to form a legal basis to extend the traffic stop of Conger. Therefore, the trial court was correct when it found that, given the list of facts (not including bloodshot eyes), there was reasonable suspicion to extend the traffic stop and that a motion to suppress would have been unsuccessful.

¶37 Having concluded that there was reasonable suspicion to extend the traffic stop, this court concludes that Conger's trial counsel's representation was not deficient by her failure to file another motion to suppress. That, standing alone, defeats Conger's ineffective assistance of counsel claim. But, this court further concludes that Conger was not prejudiced by his trial counsel's failure to bring that additional suppression motion. "Criminal defendants have a right to a competent lawyer, but not to Clarence Darrow." *United States v. Rezin*, 322 F.3d 443, 446-47 (7th Cir. 2003), *overruled on other grounds by Lockhart v. United States*, 577 U.S. 347 (2016); *State v. Marks*, 2010 WI App 172, ¶17, 330 Wis. 2d 693, 794 N.W.2d 547. This court—as the trial court did—concludes that another suppression motion would have been unsuccessful and the resulting evidence (the THC blood test result) would not have been suppressed. Thus, the evidence admitted during the jury trial would have been unaltered, and the jury would have issued the same verdict. Conger has failed to show any prejudice. Accordingly, he fails to prove both *Strickland* prongs.

17

## CONCLUSION

¶38     In summary, this court concludes that Conger's trial counsel was not ineffective in her representation of Conger, and that there was reasonable suspicion to extend the equipment failure traffic stop into an OWI/RCS investigation even without the observation of any impaired driving and without reliance on the condition of Conger's eyes.  Accordingly, the judgment and order of the trial court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.