COURT OF APPEALS
DECISION
DATED AND FILED

March 9, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2021AP2058-CR**
**2021AP2059-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. 2017CF682
2019CF749

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

VINCENT DURREY HAYNES,

   DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Rock County: BARBARA W. McCRORY, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Nashold, JJ.

   **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Vincent Durrey Haynes appeals judgments of conviction and an order denying his postconviction motion.[1]  Haynes argues that his constitutional and statutory rights were violated when the circuit court granted the State's motion to vacate a hold-open agreement at a hearing in Haynes' absence.  Haynes also argues that the State failed to present sufficient evidence to establish that Haynes breached the hold-open agreement.  Finally, Haynes argues that the hold-open agreement was unconscionable and therefore unenforceable.  For the reasons set forth below, we reject these contentions.  We affirm.

*Background*

¶2     The State charged Haynes with multiple felony and misdemeanor counts based on the burglary of a car dealership in Beloit in 2016.  In February 2019, Haynes entered into a hold-open agreement with the State, which provided that Haynes would enter a guilty plea to one felony and several misdemeanor counts.  The agreement also provided that, if Haynes complied with its conditions during a three-year probation term, including not having any new arrests "based on probable cause," the parties would jointly move to dismiss the felony count.  Haynes agreed that, if he had a new arrest "based on probable cause," he would not oppose the State's motion to enter judgment on the felony.

¶3     In August 2019, the State moved to vacate the agreement because Haynes had been arrested in Illinois and charged with one felony count of unlawful possession of a stolen vehicle.  At a hearing on the State's motion,

---

[1]  These appeals were consolidated for briefing and disposition by a December 22, 2021 order pursuant to WIS. STAT. RULE 809.10(3) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

defense counsel argued that the circuit court should wait to see whether an Illinois indictment would issue on the new charge before deciding the State's motion. The State argued that the complaint from Illinois, which included a probable cause statement, was sufficient to support its motion. The court granted Haynes' request to hold the motion in abeyance pending a judicial determination as to probable cause for an indictment.

¶4    In December 2019, the State filed an amended motion to revoke the hold-open agreement. The amended motion asserted that Haynes had been indicted for a burglary offense in Illinois that occurred in May 2019. The State attached the bill of indictment to the amended motion.

¶5    In January 2020, the circuit court held a motion hearing. Defense counsel appeared on Haynes' behalf, but Haynes did not personally appear. Defense counsel informed the court that Haynes was in custody in Illinois on the burglary charge that was the subject of the bill of indictment. Defense counsel did not voice any opposition to revoking the hold-open agreement. The court granted the State's motion. Haynes was convicted of the felony based on his guilty plea, and sentenced to two years of initial confinement and five years of extended supervision.

¶6    Haynes filed a postconviction motion challenging the revocation of the hold-open agreement. Haynes argued that he had a statutory and constitutional right to appear at the January 2020 motion hearing. Haynes argued that, in any event, the hold-open agreement was unconscionable and therefore unenforceable.

¶7    The circuit court denied the motion. It determined that the January 2020 hearing was not evidentiary and that Haynes' presence was not required for a

3

fair and just hearing. The court also determined that the hold-open agreement was not unconscionable. Haynes appeals.

*Standard of Review*

¶8      Whether a defendant had a constitutional or statutory right to be present during a hearing is a question of law that we review de novo. *See **State v. Alexander***, 2013 WI 70, ¶18, 349 Wis. 2d 327, 833 N.W.2d 126. We independently interpret the terms of an agreement between the State and a defendant, *see **State v. Kaczmarski***, 2009 WI App 117, ¶10, 320 Wis. 2d 811, 772 N.W.2d 702, and we also review de novo whether the facts establish a breach of an agreement, *see **Steele v. Pacesetter Motor Cars, Inc.***, 2003 WI App 242, ¶10, 267 Wis. 2d 873, 672 N.W.2d 141. On review of a claim that a contract is unconscionable, we accept a circuit court's factual findings unless they are clearly erroneous, but independently review whether those facts establish that the contract is unconscionable. *See **Wisconsin Auto Title Loans, Inc. v. Jones***, 2006 WI 53, ¶25, 290 Wis. 2d 514, 714 N.W.2d 155.

*Discussion*

¶9      Haynes argues that he had a statutory right to be present at the January 2020 hearing because it was an evidentiary hearing. *See* WIS. STAT. § 971.04(1)(d) (providing that "the defendant shall be present … [a]t any evidentiary hearing"). Specifically, Haynes contends that the January 2020 hearing on the State's motion to revoke was evidentiary because, by the plain terms of the hold-open agreement, the State was required to prove at that hearing that Haynes had been arrested "based on probable cause." Haynes contends that, to meet that burden, the State was required to offer testimony by the arresting officer.

4

¶10     Haynes also contends that his due process rights were violated because a fair and just determination of whether to revoke the hold-open agreement was not possible in his absence. *See Leroux v. State*, 58 Wis. 2d 671, 689-90, 207 N.W.2d 589 (1973) (holding that "the presence of defendant is constitutionally required only to the extent a fair and just hearing would be thwarted by his absence"). He contends that a fair and just hearing could not be held in his absence because he would have been able to offer his own testimony or assist his counsel in cross-examination to challenge the State's evidence at the hearing.

¶11     The State responds that the January 2020 hearing was not an evidentiary hearing because no facts were in dispute. *See State v. Velez*, 224 Wis. 2d 1, 12, 589 N.W.2d 9 (1999) ("'An evidentiary hearing is necessary only if the party requesting the hearing raises a significant, disputed factual issue.'" (quoted source omitted)). It asserts that, at the November 2019 hearing on the State's initial motion to revoke the agreement, defense counsel took the position that a bill of indictment would be sufficient to establish probable cause for an arrest based on a new crime. The State points out that the circuit court continued the hearing based on defense counsel's position, and that the State then filed an amended motion, attaching a bill of indictment establishing probable cause that Haynes had committed a different felony in Illinois. The State asserts that, following the November 2019 hearing, there was no dispute between the parties that the bill of indictment would establish a violation of the hold-open agreement, and thus the January 2020 hearing was not evidentiary in nature.

¶12     Haynes replies that, at the November 2019 hearing, defense counsel did not take the position that an indictment would establish probable cause for an arrest. Rather, Haynes contends, his counsel specifically asserted that there

5

needed to be a judicial determination of whether there was probable cause to arrest Haynes. He argues that such a judicial determination would have had to be either: (1) a judicially issued warrant to arrest; or (2) an evidentiary hearing at which the State presented evidence establishing probable cause to arrest. He argues that his counsel did not concede at the November 2019 hearing that the existence of a judicial charging document would be sufficient proof that he had been arrested "based on probable cause."

¶13    We disagree with Haynes' reading of defense counsel's statements at the November 2019 hearing. Contrary to Haynes' assertions, defense counsel requested a continuance limited to the purpose of determining whether an indictment had issued in Illinois, and did not argue that any other evidence would be necessary to establish a violation of the hold-open agreement.

¶14    At the November 2019 hearing, defense counsel explained his need for more time to respond to the State's motion as follows: "[F]or some reason the state of Illinois keeps carrying the case over without actually giving him any sort of bill of indictment and arraigning him and saying there's probable cause for this felony." The State then argued that the probable cause portion of the complaint established a violation of the hold-open agreement. It also noted that the records in Illinois indicated that the case was continuing despite the fact that there had not yet been a judicial determination of probable cause to support an indictment. Defense counsel agreed with the State's assessment, and noted that it appeared that the case was "continuing on without, so far as I can tell, any judicial determination of probable cause," and that it was therefore still possible that the case would be dismissed. Defense counsel said: "It's just at the court's discretion whether we want to call the criminal complaint sufficient or wait and see if there's a judicial determination down in Illinois."

6

¶15     The circuit court noted at the November 2019 hearing that the hold-open agreement provided that Haynes was not to have "any new arrests based on probable cause." In response, the State argued that "clearly there's been an arrest based on probable cause." Defense counsel responded:

> Clearly there's been an arrest. So that's really the question is at what point do we want to call something [a] determination of probable cause? I mean, every police officer who has ever arrested somebody has believed he had probable cause to do so and many of them were accurate. The vast majority of them were accurate and sometimes they were not. So is the fact that he was arrested per se probable cause? Or should there be some form of judicial determination? And I personally would argue for the latter and we don't currently have that.

The court then said that it would "err[] on the side of caution" and hold the State's motion to revoke in abeyance "to see if there has been a judicial determination of probable cause" in Illinois, since that was not yet reflected in what the State had already filed.

¶16     In context, then, it is clear that defense counsel's statements as to a "judicial determination" of probable cause referenced whether an indictment issued in Illinois. We believe this is clear for the following reasons. Defense counsel said at the outset that counsel's need for more time on the State's motion was specifically tied to the delay in a judicial determination of probable cause for an indictment. Counsel took the position that the circuit court had the following options: (1) determine that the criminal complaint was sufficient to establish probable cause to arrest; or (2) "wait and see if there's a judicial determination down in Illinois." When defense counsel argued that there should be "some form of judicial determination" to establish probable cause, and that such a determination did not "currently" exist, counsel was plainly referencing the bill of indictment.

7

¶17     Accordingly, we conclude that the only issue remaining in dispute between the parties as to the State's motion following the November 2019 hearing was whether an indictment would issue, establishing a probable cause determination. The State then filed a motion to revoke the hold-open agreement based on a bill of indictment determination of probable cause that Haynes had committed another felony in May 2019. Because Haynes did not assert that any facts were in dispute, the circuit court did not hold an evidentiary hearing and Haynes' presence was not required for a fair and just hearing.[2] We therefore conclude that Haynes' statutory and constitutional rights were not violated based on his absence from that hearing.[3]

¶18     Next, Haynes argues that the indictment was insufficient to establish that he violated the hold-open agreement. He reiterates that, by its plain terms, the hold-open agreement required specifically that he not have a new *arrest* "based on probable cause." He points out that the hold-open agreement says nothing of new *charges*. Thus, Haynes contends, the indictment from Illinois—which was proof of a judicial determination of probable cause supporting a new felony charge—did not prove that Hayne had been *arrested* "based on probable cause."

---

[2] Haynes argues that he is not required to detail what testimony he would have provided at the January 2020 hearing to establish that his presence was required for a fair and just hearing. Rather, he contends, the question is whether, as a matter of law, the circuit court could hold a fair and just hearing on the issue of whether an arresting officer had probable cause to arrest without the personal presence of the defendant. However, as we have explained, the record establishes that Haynes never placed in dispute the issue of whether he was arrested "based on probable cause," so long as the indictment was returned. Because no facts were placed in dispute, the court did not hold an evidentiary hearing as to probable cause to arrest, and Haynes does not explain why his testimony was required on an undisputed issue.

[3] We therefore do not reach the parties' arguments as to whether, if Haynes' statutory and constitutional rights were violated, the error was harmless.

¶19     The State responds that it presented sufficient evidence to support revocation of the hold-open agreement.[4]  It contends that the criminal complaint it submitted along with its original motion established that Haynes was arrested in July 2019 and that there was probable cause for the arrest.  It then asserts that its "follow-up with the bill of indictment from the second Illinois case removed any doubt over whether Haynes had violated the agreement."

¶20     We conclude that the evidence in the circuit court was sufficient to support revocation of the hold-open agreement.  First, Haynes does not dispute that the criminal complaint submitted with the State's original motion established that Haynes was arrested "based on probable cause" in July 2019.  We conclude that those undisputed facts in the record, alone, are sufficient to establish that Haynes violated the hold-open agreement.[5]  Second, at the November 2019 hearing, Haynes plainly limited his opposition to the State's motion to a request that the State's motion be held in abeyance to provide Haynes the opportunity to argue against the motion if Illinois failed to issue a bill of indictment.  That is,

---

[4] The State also argues that Haynes' argument that the State failed to present sufficient evidence to support revoking the hold-open agreement was not preserved for appeal.  In reply, Haynes disagrees, arguing that he may raise sufficiency of the evidence for the first time on appeal under WIS. STAT. § 974.02.  We decline to resolve this dispute, however, because we conclude that, in any event, the evidence was sufficient.

[5] We note that the circuit court did not rely on the criminal complaint submitted with the State's original motion to determine that Haynes had breached the hold-open agreement. However, we independently review whether the facts of a case establish a breach of an agreement. *See Tang v. C.A.R.S. Prot. Plus, Inc.*, 2007 WI App 134, ¶46, 301 Wis. 2d 752, 734 N.W.2d 169.  Moreover, the State argues on appeal that the criminal complaint in the Illinois case was sufficient evidence to establish that Haynes had been arrested "based on probable cause," and Haynes does not refute that argument in his reply brief. *See Auric v. Continental Cas. Co.*, 111 Wis. 2d 507, 515-16, 331 N.W.2d 325 (1983) (respondent may argue for affirmance, and this court may affirm, based on grounds not relied on by the circuit court); *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (failure to refute a proposition asserted in a response brief may be taken as a concession).

Haynes requested at the November 2019 hearing that the court hold in abeyance the State's motion—which was supported by a criminal complaint setting forth that Haynes had been arrested based on evidence rising to the level of probable cause—that rested on his position that a bill of indictment was necessary to establish that Haynes had violated the hold-open agreement. This court need not consider his contrary argument on appeal that the subsequently issued bill of indictment was insufficient to establish that Haynes had, indeed, violated the agreement. *See State v. Magnuson*, 220 Wis. 2d 468, 471, 583 N.W.2d 843 (Ct. App. 1998) (under doctrine of judicial estoppel, "'[i]t is contrary to fundamental principles of justice and orderly procedure to permit a party to assume a certain position in the course of litigation which may be advantageous, and then after the court maintains that position, argue on appeal that the action was error'" (quoted source omitted)).

¶21　Finally, Haynes argues that the hold-open agreement was unconscionable and therefore unenforceable. *See Wisconsin Auto Title Loans, Inc.*, 290 Wis. 2d 514, ¶¶29, 32 (contract provision is unenforceable if it is both procedurally and substantively unconscionable, that is, there was "the absence of meaningful choice on the part of one of the parties, together with contract terms that are unreasonably favorable to the other party"). Haynes argues that the provision of the agreement that allowed the State to move to revoke the agreement because of a new arrest "based on probable cause" is unconscionable because it favors the State by allowing the State to unilaterally withdraw the agreement without any showing that the defendant has done anything wrong. In support, Haynes argues that an officer may have probable cause to arrest even if the defendant has done nothing wrong because "[t]he concept of probable cause exists solely in the mind of the arresting officer." Haynes also argues that the agreement

is unconscionable because it prohibits the defendant from objecting to the State's motion.

¶22    The State responds that Haynes has pointed to no facts that would support an argument that there was no real "meeting of the minds" between Haynes and the State when they entered the agreement. *See id.*, ¶34. It points out that Haynes was represented by counsel when he entered the agreement and made a personal statement that he understood it. It argues that the agreement did not favor the State, pointing to the benefit Haynes would have received by having a felony count dismissed if he had complied with the agreement. It also argues that Haynes has not established unconscionability by suggesting hypothetical scenarios under which Haynes could have been arrested despite doing nothing wrong, and also disputes that Haynes was not allowed to oppose the State's motion.

¶23    We conclude that Haynes has failed to establish that the hold-open agreement was unconscionable. First, we reject both of the premises underlying Haynes' argument as to substantive unconscionability: that probable cause exists only in the arresting officer's mind, and that Haynes had no means to object to the State's motion to withdraw the agreement. As to probable cause, probable cause to arrest is not a subjective determination by an arresting officer. Rather, probable cause to arrest exists if the *objective* facts known to the officer at the time of the arrest would lead a *reasonable* police officer to believe that the defendant probably committed a crime.[6] *See State v. Sykes*, 2005 WI 48, ¶18, 279 Wis. 2d 742, 695 N.W.2d 277. As to Haynes' ability to object to the State's motion,

---

[6] Notably, the agreement does not allow revocation based on an arrest, but rather an "arrest based on probable cause."

11

Haynes has not explained why he believes his right to object was limited. It appears that this argument is tied to the provision that, if Haynes was arrested "based on probable cause," Haynes would not oppose the State's motion to enter judgment on the felony. However, as the State points out, Haynes successfully argued at the November 2019 hearing that the circuit court should not grant the State's motion until a bill of indictment issued, and Haynes has not explained why he could not have at that time raised any other objection he had to the motion. Second, we agree with the State that Haynes has failed to develop any argument that the agreement was procedurally unconscionable, and we reject Haynes' argument on that basis.[7] *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶24 In sum, we conclude that Haynes' rights were not violated by his absence from the January 2020 hearing; that the evidence was sufficient to support the circuit court's decision to revoke the hold-open agreement; and that the agreement was not unconscionable. We affirm.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] Because Haynes has failed to refute any of the State's arguments that Haynes failed to establish that the agreement was unconscionable, we also take this argument as conceded. *See **United Coop.***, 304 Wis. 2d 750, ¶39.