COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1188**

STATE OF WISCONSIN

Cir. Ct. No. 2021FA109

IN COURT OF APPEALS
DISTRICT III

IN RE THE MARRIAGE OF:

AARON MICHAEL SMITS,

PETITIONER-APPELLANT,

V.

KERRI LYNN PINEDA,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Door County: D. TODD EHLERS, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Aaron Michael Smits appeals a postdivorce order granting Kerri Lynn Pineda's motion to modify legal custody and physical placement.[1]   Smits argues that the circuit court erred in numerous respects by granting Pineda's motion.   We conclude, however, that Smits forfeited these arguments by failing to raise them in the circuit court and by instead consenting to Pineda's proposed modifications.   Alternatively, the doctrine of judicial estoppel prevents Smits from raising his current arguments challenging the order modifying legal custody and physical placement.   We therefore affirm.

## BACKGROUND

¶2     Smits petitioned for divorce from Pineda in December 2021.   A final judgment of divorce was entered in August 2022.   At the time of the divorce, Smits resided in Door County, Wisconsin, while Pineda resided in Florida, and the parties had three minor children—a son and two daughters.   The divorce judgment awarded the parties joint legal custody of all three children.   Smits was awarded primary physical placement of the parties' son during the school year, while Pineda was awarded primary physical placement of the parties' daughters during the school year.   On February 2, 2023, the circuit court entered an order clarifying that, during the summer, Smits would have placement of all three children from the day after the parties' daughters finished school until the Saturday of the second week in July, and Pineda would then have placement of all three children from the Saturday of the second week in July until the Saturday of the third week in August.

---

[1]  Smits is represented by counsel on appeal, while Pineda is self-represented.

¶3      On April 22, 2024, Pineda filed a motion to modify legal custody and physical placement.  Specifically, Pineda asked the circuit court to grant her sole legal custody of all three children and primary physical placement of the parties' son.  As the basis for the motion, Pineda asserted that Smits "requested I come get [the parties' son] as [Smits] is no longer able to provide a safe secure home."  Pineda further asserted that a substantial change in circumstances had occurred because the "safety" of the parties' son was "in question" and Smits "cannot provide for" the children.  Attached to Pineda's motion was an email from Smits to Pineda, dated April 19, 2024, in which Smits stated:

> Per our conversation today on 19 April 2024, I no longer believe that I am able to provide a safe and secure home for [our son].  Because of this I have requested that you come and take [our son] into your custody for the time being if not indefinitely.  I would like to make it clear that this is my own will and should be legally binding.  I want no repercussions brought against [Pineda] for taking the best interest of her son in mind.

¶4      Pineda's motion to modify legal custody and physical placement was served on Smits on April 22, 2024.  The motion informed Smits that a hearing would take place on April 26, 2024.  However, Smits did not appear at the April 26 hearing.  During the hearing, the circuit court explained:

> Mr. Smits has not appeared, and I would note that there is a certificate of service in the file evidencing he was served with notice of today's hearing.  I would further note for the record that the family clerk from the Clerk of Court's Office has advised me that Mr. Smits did call their office in the past couple of days and advised that he was not intending to appear today and further had indicated to the clerk that he was not objecting to the relief Ms. … Pineda was asking for today.

¶5      After confirming that Pineda did not wish to add anything to the allegations in her motion, the circuit court stated:

> [B]ased upon, again, an attachment that Ms. … Pineda had to her motion, an email she received from Mr. Smits that, again, he was suggesting or proposing to her that she come and get [the parties' son], that because of his situation he wasn't able to care for [the parties' son] at the present time, … I will order that Ms. … Pineda will have sole legal custody of all three children at the present time and she will also be awarded primary placement of [the parties' son] at the present time.

¶6 The circuit court subsequently entered a written order granting Pineda sole legal custody and primary physical placement of all three of the parties' children. Smits now appeals from that order.

## DISCUSSION

¶7 On appeal, Smits argues that the circuit court erred in numerous respects by granting Pineda's motion to modify legal custody and physical placement. Specifically, he contends that the court erred by: (1) finding that Pineda "had properly drafted and served timely notice on" Smits regarding the April 26, 2024 hearing; (2) ignoring the "2-year prohibition on filing a Motion to Modify Custody and/or Physical [Placement]"; (3) "failing to apply the proper requirements when granting a Motion for Relocation of the minor child out of the state of Wisconsin"; (4) "[waiving] (or ignoring) the 60-Day statutory notice of intent to relocate the minor child, by certified mail, to the other parent and a copy to the court"; (5) failing to notify Smits of his "right and his obligation to file an 'Objection to Relocation'"; (6) "failing to hold an initial hearing and to follow the requirements of such a hearing as prescribed by law"; (7) "failing to submit the parties to court-ordered mediation"; (8) failing to appoint a guardian ad litem; (9) "not having a proper final hearing and making a record of the reasons for allowing the relocation"; (10) "ordering the termination of all Legal Custody and Physical Placement, including any reasonable parental access[,] without adequate

4

findings to support such an order"; and (11) modifying legal custody and physical placement of the parties' two daughters when "no relief was requested regarding these children."

¶8 Smits, however, did not raise any of these arguments in the circuit court. Instead, the record shows that Smits emailed Pineda on April 19, 2024, and asked her to take the parties' son into her "custody for the time being if not indefinitely" because Smits did not believe he could "provide a safe and secure home for" the child.[2] The email further stated that this decision was Smits' "own will and should be legally binding." After receiving Smits' April 19 email, Pineda moved for primary physical placement of the parties' son and sole legal custody of all three children. The motion, which was served on Smits on April 22, 2024, notified Smits of the April 26 hearing date. Smits nevertheless chose not to appear at the April 26 hearing.[3] As noted above, during the hearing, the court recounted that Smits had contacted the clerk of court's office and advised "that he was not intending to appear today" and "that he was not objecting to" Pineda's requested relief—i.e., primary physical placement of the parties' son and sole legal custody of all three children.[4]

¶9 "Arguments raised for the first time on appeal are generally deemed forfeited." *See **Tatera v. FMC Corp.***, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320,

---

[2] On appeal, Smits does not dispute that he sent the April 19, 2024 email that was attached to Pineda's motion to modify legal custody and physical placement.

[3] Smits does not dispute that he received notice of the April 26 hearing, nor does he raise any argument that he was unable to attend that hearing.

[4] Smits does not dispute that he contacted the clerk of court's office and made these statements.

786 N.W.2d 810; *see also State v. Reese*, 2014 WI App 27, ¶14 n.2, 353 Wis. 2d 266, 844 N.W.2d 396 (stating that "this court need not address arguments that are raised for the first time on appeal"). "We will not … blindside trial courts with reversals based on theories which did not originate in their forum." *See State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995). The forfeiture rule

> gives both parties and the circuit court notice of the issue and a fair opportunity to address the objection; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.

*State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.

¶10 In this case, not only did Smits fail to raise his current arguments in the circuit court, he affirmatively informed the court—via the clerk of court's office—that he did not object to the relief requested in Pineda's motion to modify legal custody and physical placement. Accordingly, Smits forfeited his current arguments, and we reject them on that basis.

¶11 Alternatively, we conclude that Smits is judicially estopped from raising his current arguments challenging the order modifying legal custody and physical placement. The equitable doctrine of judicial estoppel "precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position." *State v. Petty*, 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996). The doctrine is intended "to protect against a litigant playing 'fast and loose with the courts' by asserting inconsistent positions." *Id.* (citation omitted). To that end, the doctrine "recognizes that '[i]t is contrary to fundamental principles of justice and orderly procedure to permit a party to assume a certain

position in the course of litigation which may be advantageous, and then after the court maintains that position, argue on appeal that the action was error.'" ***State v. Magnuson***, 220 Wis. 2d 468, 471, 583 N.W.2d 843 (Ct. App. 1998) (alteration in original; citation omitted).

¶12 Judicial estoppel requires proof of three elements: (1) a litigant's later position is clearly inconsistent with the litigant's earlier position; (2) the facts at issue are the same; and (3) the party to be estopped convinced the first court to adopt its position. ***Petty***, 201 Wis. 2d at 348. "Determining the elements and considerations involved before invoking the doctrine of judicial estoppel are questions of law which we decide independently." ***Id.*** at 347.

¶13 Here, we conclude that all three of the elements required for the application of judicial estoppel are satisfied. First, Smits has taken clearly inconsistent positions in the circuit court and on appeal. In the circuit court, Smits failed to appear at the hearing on Pineda's motion to modify legal custody and physical placement and instead informed court staff that he did not object to the relief Pineda sought. Now, on appeal, Smits seeks to overturn the order granting Pineda's motion, arguing that the circuit court erred in numerous respects. Second, the facts at issue in the circuit court and on appeal are the same. Third, Smits convinced the circuit court to adopt his position. It is clear from the transcript of the hearing on Pineda's motion that, when granting the motion, the circuit court relied on Smits' email to Pineda asking her to take custody of the parties' son, his failure to appear at the hearing, and his statement to court staff that he did not object to Pineda's requested relief.

¶14 Accordingly, the elements of judicial estoppel are satisfied, and we conclude it is appropriate to apply judicial estoppel in this case. Smits should not

be permitted to play "fast and loose with the courts," *see id.* (citation omitted), by "assum[ing] a certain position in the course of litigation … and then after the court maintains that position, argu[ing] on appeal that the action was error," *see Magnuson*, 220 Wis. 2d at 471 (citation omitted). We therefore reject Smits' appellate arguments and affirm the circuit court's order granting Pineda's motion to modify legal custody and physical placement.

   *By the Court.*—Order affirmed.

   This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).